UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

Adha Jassmin Badillo, §
§
            Plaintiff, §
§
versus §         Civil Action H-15-181
§
Reebok International Ltd., §
§
            Defendant. §

## Opinion on Summary Judgment

1.    *Background.*

    In 2012, the day after Thanksgiving when many shoppers flock to stores, Adha Jassmin Badillo started shopping at the Tanger Outlet Mall in Texas City at 6:00 a.m. with her brother, sister-in-law, and niece. Between 10:00 and 11:00 a.m., Badillo went in a store of Reebok International, Ltd.

    Badillo followed her family. They entered the store along an aisle on the left side. Badillo's right foot hit the metal base of a clothing rack. The base, she says, was covered by long pants that were hanging from the rack. Badillo tripped, grabbed clothes to break her fall, and landed on the floor on her right side. Badillo says that she could not stand after falling because of pain in her hip, legs, and right side. Badillo's brother helped her.

    Badillo says that the rack was in the middle of the aisle where patrons were walking and in plain view of the employees at the cash registers. Badillo confronted an employee about the incident and then left the store. Nine days later, Badillo returned and reported the incident.

    In the week after the accident, Badillo says her pain worsened so she sought a lawyer, who then gave her a list of doctors. Badillo saw Debora Ausmus, a chiropractor, for a few weeks of physical therapy. Because Badillo said her condition was not improving, Ausmus suggested an MRI of her back. It showed several disc herniations and a lumbar compression fracture. Ausmus referred Badillo to an orthopedic surgeon, Mark Sanders, who told her that she could live with the pain or have surgery. Badillo says she is saving money to pay for the surgery but that she has not scheduled it.

Badillo takes ibuprofen daily. Badillo also complains that her legs fall asleep. Badillo was in a car accident in 2008 that sent her to the hospital with a hurt neck. She claims that she has completely recuperated from the car accident.

2. *Premises Liability.*

To recover damages from the owner of the premises, Badillo must show that (a) Reebok knew or should have known of a condition in the store that posed an unreasonable risk of harm and (b) Reebok's not eliminating the risk proximately caused Badillo's injuries.[1]

    A. *Knowledge of an Unreasonable Risk.*

A risk of harm is unreasonable when it is foreseeable and likely to a reasonably prudent person.[2] Badillo could show that the rack is an unreasonable risk of harm if (a) it had harmed someone similarly, (b) it was defective or unusual, or (c) its construction or placement was dangerous.[3] Badillo has not shown that anyone else tripped on the rack. There is no evidence that the clothing rack with an extended base that was covered by long pants hanging from it was defective or unusual. Badillo has not shown that Reebok knew or should have known that the clothing rack posed an unreasonable risk of harm. The clothing rack did not pose an unreasonable risk of harm.

    B. *Causation.*

Even if the rack posed an unreasonable risk of harm, Badillo has not established a causal link between the fall and her injuries. To establish that Badillo's injuries were caused by the fall, she must supply expert testimony because the diagnosis of lumbar compression fractures and herniations is outside the common knowledge and experience of jurors.[4] It is

---

[1] *Keetch v. Kroger*, 845 S.W.2d 262 (Tex. 1992).

[2] *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970).

[3] *Id.*

[4] *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).

not enough that Reebok created a condition making the injury possible.[5] Badillo has not submitted sufficient evidence of causation, such as an expert testimony or medical records, to show with reasonable probability that her tripping over the clothing rack, and not the car accident, caused her herniations and compression fracture in her lumbar area. Badillo has not shown that her injuries were caused by the fall.

3.  Conclusion.

Badillo has not shown that (a) Reebok had knowledge of the condition that she said posed an unreasonable risk of harm or (b) her fall caused her injuries. Reebok's motion for summary judgment is granted.

Signed on August 17, 2015, at Houston, Texas.

Lynn N. Hughes

---

[5] *Gutierrez v. Excel Corp.*, 106 F.3d 683, 688 (citing *Peerenboom v. HSP Foods, Inc.*, 910 S.W.2d 156, 165 (Tex. App.—Waco 1995, no writ)).